IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DWIGHT J.,**[1]

                   Plaintiff,                   Civ. No. 3:18-cv-01648-CL

    v.                                        **OPINION AND ORDER**

**ANDREW SAUL**, Acting
Commissioner of Social Security

                   Defendant.

---

**CLARKE, Magistrate Judge:**

Plaintiff Dwight J. ("Plaintiff") brings this action for judicial review of the Commissioner

of Social Security's ("Commissioner") decision denying his applications for Disability Insurance

Benefits ("DIB") and Supplemental Security Income under Titles II and XVI of the Social Security

Act ("the Act"). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). For the reasons

below, the Commissioner's final decision is affirmed.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of
the non-governmental parties in this case.

## BACKGROUND

Born in 1966, Plaintiff was 48 years old on his alleged onset date of July 16, 2014. (Tr. 250.)[2] He completed the twelfth grade and has past work experience in restaurant management, retail management, and gas station management. (Tr. 255-56.) Plaintiff alleges disability due to depression, Crohn's disease, pre-diabetes, hypertension, and cardiovascular disease. (Tr. 254.)

Plaintiff filed his applications for DIB and SSI on July 18, 2014. (Tr. 40.) After his claims were denied initially and upon reconsideration, he requested a hearing. (Tr. 40.) An administrative hearing was held on February 9, 2017 before an administrative law judge (ALJ). (Tr. 40.) In a written decision dated March 21, 2017, the ALJ denied Plaintiff's claims for benefits. (Tr. 41.) The Appeals Council denied Plaintiff's subsequent petition for review, rendering the ALJ's decision final. (Tr. 19-22.) This appeal followed.

## STANDARD OF REVIEW

A reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, a court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. Davis v. Heckler, 868 F.2d 323, 326 (9th Cir. 1989).

---

[2] "Tr." refers to the Transcript of the Social Security Administrative Record, ECF No. 27, provided by the Commissioner.

## **DISCUSSION**

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. See 20 C.F.R. § 404.920(a)(4) (2012). The burden of proof rests upon the claimant at steps one through four, and with the Commissioner at step five. Id.; Bustamante v. Massanari, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner must demonstrate that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 404.920(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is disabled. Id. If, however, the Commissioner proves that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. Id.; see also Bustamante, 262 F.3d at 953–54.

The ALJ performed the sequential evaluation. At step one, the ALJ found that Plaintiff had not performed substantial gainful activity since his alleged onset date. (Tr. 42.) At step two, the ALJ found Plaintiff had the severe impairments of minor coronary artery disease, hypertension, early diabetes, irritable bowel syndrome, affective disorder, and anxiety disorder. (Id.)

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or equaled any listings, specifically considering the criteria of listings 4.00, 5.06, 12.04 and 12.06. (Tr. 43); 20 C.F.R. Part 404, Subpart P, Appendix 1.

Prior to step four, the ALJ determined that Plaintiff's RFC allowed him to perform light work with the limitations the he perform only simple routine tasks involving simple instructions; that he have occasional contact with coworkers, with no teamwork or tandem tasks; that he have brief and superficial contact with the general public; and that he should not have concentrated exposure to pulmonary irritants or hazards. (Tr. 44.)

At step four, the ALJ found that Plaintiff was unable to perform any of his past relevant work. (Tr. 54.) At step five, the ALJ found that based on plaintiff's age, education, work experience, and RFC, he could perform work that existed in significant numbers in the national economy despite his impairments. (Tr. 54.) Specifically, the ALJ found Plaintiff could perform the representative occupations of cafeteria attendant, motel housekeeper, and agricultural sorter. (Id.) The ALJ therefore concluded that Plaintiff was not disabled. (Tr. 55.)

Plaintiff contends the ALJ erred by (I) omitting his GERD, Barrett's Esophagus, and hiatal hernia from the list of severe impairments at step two; (II) failing to properly evaluate Plaintiff's subjective symptom testimony; (III) assigning little weight to the lay opinion of Plaintiff's partner Rian Monson; and (IV) improperly evaluating the medical opinions of examining psychologist Molly McKenna, counselor Jacob Moss, and primary care physician Peter Mahr, M.D.

## I.    Step Two Findings

Plaintiff first argues that the ALJ erred at step two by omitting his GERD, Barrett's Esophagus, and hiatal hernia from the list of severe impairments. For a medically determinable impairment to be considered severe at step two, a claimant must provide evidence that the impairment that "significantly limits[s] … physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1522(a), 416.922(a). Any omission of limitations at step two is harmless is the ALJ properly incorporates those limitations into the RFC. Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007).

The ALJ resolved step two in Plaintiff's favor, finding that Plaintiff had the severe impairments of minor coronary artery disease, hypertension, early diabetes, irritable bowel syndrome, affective disorder, and anxiety disorder. (Tr. 42.) To show harmful error, Plaintiff must

therefore show that the ALJ omitted credible limitations related to his GERD, Barrett's Esophagus, and hiatal hernia from the RFC. <u>Lewis</u>, 498 F.3d at 911.

After careful consideration of the record and Plaintiff's briefing, the Court finds that Plaintiff has failed to show that limitations related to the impairments omitted at step two were not properly incorporated into the RFC. 20 C.F.R. §§ 404.1522(a), 416.922(a). Here, the ALJ considered Plaintiff's limitations related to GERD, Barrett's Esophagus, and hiatal hernia when he addressed Plaintiff's testimony that he suffered from diarrhea, constipation, and stomach problems. (Tr. 45.) As discussed below, the ALJ rejected Plaintiff's testimony because it conflicted with medical evidence that showed Plaintiff's symptoms and limitations were not as disabling as alleged. (Tr. 47.) In doing so, the ALJ reviewed the medical evidence of Plaintiff's gastrointestinal issues noted that they required only conservative treatment and did not reflect the extent of symptom frequency or severity alleged in Plaintiff's testimony. (Tr. 48.)

Contesting the ALJ's reasoning, Plaintiff points to evidence that he needed to take sick days due to nausea, fatigue, dizziness, and other illness, which the ALJ failed to include in the RFC. (Citing Tr. 85-86, 270-78, 354, 364, 417, 649, 706.) To the extent that this evidence consists in Plaintiff's subjective testimony and the lay testimony, however, it was properly rejected by the ALJ for legally sufficient reasons, as discussed below. Because the ALJ's step two findings are rational and based on substantial evidence, the Court cannot substitute its reasoning for that of the ALJ.

In sum, because the ALJ rationally weighed the evidence of functional limitations related to Plaintiff's gastrointestinal limitations, the ALJ's failure to include Plaintiff's GERD, Barrett's Esophagus, and hiatal hernia at step two was not harmful error. See <u>Burch v. Barnhart</u>, 400 F.3d 676, 684 (9th Cir. 2005).

II.    **Subjective Symptom Testimony**

Plaintiff also argues the ALJ improperly rejected his subjective symptom testimony. At the administrative hearing, Plaintiff testified to severe gastrointestinal symptoms that required him to use the restroom 10 to 20 minutes every hour when constipated, accidents due to diarrhea, and pain that interfered with his sleep. (Tr. 45, 85-86.) Plaintiff also testified that he suffered from nausea and dizziness, and that he would miss time at work due to illness and frequent bathroom breaks.

The ALJ is required to provide specific, clear and convincing reasons for rejecting a claimant's testimony. Garrison v. Colvin, 759 F.3d 995, 1017 (9th Cir. 2014). Here, the ALJ rejected Plaintiff's testimony to the extent it conflicted with the RFC. (Tr. 45-46.) The ALJ first noted that Plaintiff's allegations conflicted with the objective medical evidence in the record, which revealed that his conditions improved with treatment. Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective symptom testimony. Carmickle v. Comm'r, 533 F.3d 1155, 1161 (9th Cir. 2008). Here, contrary to Plaintiff's testimony of unrelenting gastrointestinal symptoms, his medical records reveal that he reported having diarrhea only "rarely." (Tr. 47, 692.) The record also contains reports of only mild abdominal pain, and objective examination findings of only mild stomach tenderness. (Tr. 47, 651, 661, 693, 704.)

While Plaintiff points to selected evidence in the record of severe gastrointestinal symptoms in 2014, this evidence is inconsistent with more recent evidence, including Plaintiff's presentation in December 2015 to treating physician Emily Carver, M.D., as "comfortable" and in "no acute distress." (Tr. 417, 704.) On this record, it was rational for the ALJ to infer that the longitudinal medical record conflicted with Plaintiff's testimony regarding his symptoms and limitations. The ALJ therefore provided a legally sufficient reason for rejecting Plaintiff's

testimony regarding the severity of his physical symptoms and limitations. Carmickle, 533 F.3d at 1161.

In contesting this finding, Plaintiff cites evidence that Plaintiff's gastrointestinal symptoms required an "aggressive bowel regimen" as prescribed by his doctors. (Tr. 706.) In his written decision, however, the ALJ noted that Plaintiff failed to follow through with treatment recommendations for his gastrointestinal issues. (Tr. 47-48.) Unexplained failure to follow prescribed treatment is a legally sufficient reason to reject a claimant's subjective complaints. Molina v. Astrue, 674 F.3d 1104, 1113-14 (9th Cir. 2012). Here, the record reveals that Plaintiff was prescribed stool-softening and abdominal relief medications, but never took them. (Tr. 47-48, 701, 705, 707.) Plaintiff's failure to follow his prescribed course of treatment for his gastrointestinal issues constitutes a second clear and convincing reason supporting the ALJ's rejection of Plaintiff's testimony. Molina, 674 F.3d at 1113-14.

As further reason for rejecting Plaintiff's subjective symptom testimony, the ALJ found that the medical record contradicted Plaintiff's testimony regarding his mental symptoms and limitations. (Tr. 48-49.)   First, the ALJ noted that Plaintiff's mental status examinations overwhelmingly revealed normal cognition. (Tr. 356, 359, 360, 369, 372.) Further, Plaintiff reported to treatment providers on numerous occasions that his mental symptoms improved with treatment; specifically, Plaintiff's treatment records reveal that he endorsed improvements with Trazodone, symptom remission, and good mood. (Tr. 356, 361, 420, 506, 547, 735.) The ALJ also noted that, for much of the period at issue, Plaintiff's depression was diagnosed as "mild." (Tr. 49.) On this record, it was rational for the ALJ to conclude that Plaintiff's mental symptoms and limitations were not as disabling as alleged in his hearing testimony. Carmickle, 533 F.3d at 1161.

On this record, the ALJ provided legally sufficient reasons for rejecting Plaintiff's testimony regarding his symptoms and limitations.

**III.     Lay Witness Testimony**

Plaintiff next argues that the ALJ improperly rejected the lay testimony of his partner Rian Monson, who submitted a third-party function report regarding Plaintiff's limitations. (Tr. 270-78.) Mr. Monson testified that Plaintiff had worsening gastrointestinal issues and had to use the bathroom constantly; that he struggled with anger management issues; and that he often missed work due to illness. (Tr. 270-78.)

The ALJ may discount a lay witness opinion if he provides germane reasons for doing so. Dale v. Colvin, 823 F.3d 941, 943 (9th Cir. 2016). Here, the ALJ found that Mr. Monson's opinion was contradicted by the medical evidence, which includes consistently normal mental status exams and does not support the severity of Mr. Monson's statements regarding Plaintiff's physical and mental limitations. (Tr. 53, 497.) As discussed above, the ALJ reasonably found that the medical evidence regarding Plaintiff's gastrointestinal issues did not support the level of severity alleged in Mr. Monson's testimony. On this record, the ALJ provided a germane reason for rejecting the lay testimony of Mr. Monson. Dale, 823 F.3d at 943.

**IV.     Medical Opinion Evidence**

Plaintiff next argues that the ALJ improperly rejected the opinions of counselor Jacob Moss, primary care physician Peter Mahr, and examining psychologist Molly McKenna. "There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009). "Where a treating or examining physician's opinion is contradicted by another doctor, the '[ALJ] must determine credibility and resolve the conflict.'"

Id. (citation omitted). "An ALJ may only reject a treating physician's contradicted opinions by providing 'specific and legitimate reasons that are supported by substantial evidence.'" Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014) (quoting Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008)).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)). Merely stating conclusions is insufficient: "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." Id. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." Id. at 1012-13 (citing Nguyen v. Chater, 100 F.3d 1462, 1464 (9th Cir. 1996)).

**A. Dr. Peter Mahr and Counselor Jacob Moss**

Counselor Moss completed a Mental RFC Assessment, a check-box form regarding Plaintiff's mental limitations. (Tr. 712-15.) He opined that Plaintiff was markedly limited in areas of understanding and memory, concentration and persistence, social interaction, and adaptation. (Id.) On August 24, 2016, Dr. Mahr signed a form indicating that he agreed with the limitations assessed by Counselor Moss. (Tr. 778.)

The ALJ rejected these opinions because they were inconsistent with the longitudinal treatment records. (Tr. 52.) The ALJ may reject a medical source opinion if the provider's own treatment records conflict with their findings and conclusions. Bayliss v. Barnhart, 427 F.3d 1211,

1216 (9th Cir. 2005). Here, Counselor Moss consistently diagnosed Plaintiff with only mild mental

symptoms and depression. (Tr. 49, 490, 492, 500, 502, 504, 512, 518, 575.) A diagnosis of mild

depression, in the absence of other marked mental status findings, conflicts with Counselor Moss's

opinion that Plaintiff had marked mental limitations. On this record, the ALJ provided a legally

sufficient reason for rejecting the opinions of Counselor Moss and Dr. Mahr. Bayliss, 427 F.3d at

1216.

### B. Examining Psychologist Molly McKenna

Consultative examiner Dr. McKenna evaluated Plaintiff and concluded that his

"concentration, persistence, and pace will be poor." (Tr. 51-52, 404-05.) She noted the Plaintiff

"has responded with inappropriately intense anger and even acted violently … in the past,"

concluding that these responses could "negatively impact [Plaintiff's] ability to work with co-

workers and reduce his ability to deal with feedback from supervisors." (Tr. 405.) Dr. McKenna

also opined that physical symptoms could limit Plaintiff's endurance for regularly scheduled work

tasks. (Id.)

The ALJ considered Dr. McKenna's opinion in detail, giving it only moderate weight. (Tr.

51-52.) As an initial rationale for this finding, the ALJ noted that Dr. McKenna's opinion regarding

Plaintiff's physical symptoms were inconsistent with the medical record as a whole, which

documented only modest findings regarding Plaintiff's physical limitations. (Tr. 51-52.) A medical

opinion's consistency with the record as a whole is a relevant consideration in evaluating a

physician's opinion. Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007). The ALJ thus provided a

legally sufficient reason for rejecting Dr. McKenna's opinion regarding Plaintiff's physical

limitations.

In rejecting Dr. McKenna's assessment of Plaintiff's mental limitations, the ALJ relied on the opinion of consultative physician Ashok Kushalani, M.D., who reviewed the medical record and did not assess any limitations related to supervisor interaction due to anger issues (Tr. 801-05). The ALJ also noted that Dr. McKenna's opinion largely relied upon Plaintiff's subjective complaints, which the ALJ rejected. (Tr. 45.) An ALJ may reject a physician's opinion if it is based on a claimant's self-reports that have been properly discounted. Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008). Because Dr. McKenna based her opinion regarding Plaintiff's mental limitations on his subjective reports, it was reasonable for the ALJ to reject her assessment of Plaintiff's mental functioning. Id. at 1041.

Plaintiff argues, citing Ryan v. Comm'r, that the ALJ erred in this assessment because Dr. McKenna supported her opinion with her own observations. Under Ryan, the ALJ "does not provide clear and convincing reasons for rejecting an examining physician's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations." Ryan, 528 F.3d at 1199-1200. In that case, the Ninth Circuit found that the ALJ had erred by rejecting the opinion of an examining psychologist for her reliance on the claimant's subjective complaints. The Court reasoned that the psychologist was able to assess the claimant's mental limitations by observing physical symptoms of agitation, rapid speech and other bodily movements, and therefore her opinion was not entirely reliant on the claimant's subjective complaints. Id. at 1196. Similarly, Dr. McKenna found Plaintiff's presentation on interview to be consistent with available records and with Plaintiff's self-reports, finding "no evidence of inconsistency or noncredible report." (Tr. 405.)

However, this case differs from Ryan in that Dr. McKenna has offered an opinion on Plaintiff's past responses of inappropriately intense anger and violence, concluding that these

issues could negatively impact his ability to work (Tr. 405.) Unlike the circumstances surrounding the psychological evaluation in <u>Ryan</u>, there is no evidence that Dr. McKenna was able to observe Plaintiff's issues with inappropriate anger and violence to substantiate her opinion that Plaintiff's "poor anger control" was a primary impediment to substantial gainful activity. Thus on this point, <u>Ryan</u> is inapposite. In sum, the ALJ provided legally sufficient reasons for rejecting Dr. McKenna's opinion regarding Plaintiff's mental issues, because they were based on his subjective complaints and not empirical observations. <u>Id. at 1041.</u>

## CONCLUSION

For the reasons stated above, the Commissioner's final decision is AFFIRMED, under sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this 13th day of November 2020.

<u>/s/ Mark D. Clarke</u>
Mark Clarke
United States Magistrate Judge